**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DAMIAN ZAMOJDA,

        Plaintiff,

v.                                          No. 1:26-cv-00031-KWR-SCY

CASA MILAGRO and
ANJI ESTRELLAS,

        Defendants.

**<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>**

*Pro se* Plaintiff, who is disabled, sought a temporary restraining order against Defendant Casa Milagro, "a HUD-subsidized supportive housing provider," and its Director, Defendant Estrellas, alleging that they failed to comply with a state-court order to return Plaintiff's medical, financial, and programmatic records to Plaintiff. *See* Emergency Motion for Temporary Restraining Order and Preservation of Evidence at 2, Doc. 1, filed January 8, 2026 ("Motion"). Plaintiff stated the Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the Due Process Clause of the Fourteenth Amendment. *See* Motion at 2.

The Court denied the Motion for a temporary restraining order and liberally construed Plaintiff's Motion as a complaint. *See* Order at 1, 4, 6-7. The Court notified Plaintiff that he had not alleged sufficient facts showing that his claims arise from the Americans with Disabilities Act, Section 504 of the Rehabilitation Act and 28 U.S.C. § 1343. *See* Order at 2 ("To establish jurisdiction pursuant to 28 U.S.C. § 1331, '[t]he complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law'") (quoting *Davison v. Grant Thornton LLP*, 582 Fed.Appx.

773, 775 (10th Cir. 2014)).  The Court ordered Plaintiff to file an amended complaint and notified Plaintiff that failure to timely file an amended complaint may result in dismissal of this case.  *See* Order at 6.  Plaintiff did not file an amended complaint by the January 30, 2026, deadline.

The Court dismisses this case without prejudice because Plaintiff has not complied with the Court's Order to timely file an amended complaint.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**


_____/S/ Kea W. Riggs_____
**UNITED STATES DISTRICT JUDGE**